UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AG, BMW OF NORTH AMERICA, LLC, ROLLS-ROYCE MOTOR CARS LIMITED, and ROLLS-ROYCE MOTOR CARS NA, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HINDERER AUTOMOTIVE, LLC, *dba* TOY BARN, and JUSTIN C. HINDERER,<br><br>Defendants. | Case No.: 2:15-cv-03003<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DECEPTIVE TRADE PRACTICES, AND BREACH OF CONTRACT** |

Plaintiffs Bayerische Motoren Werke AG, BMW of North America, LLC, Rolls-Royce Motor Cars Limited and Rolls-Royce Motor Cars NA, LLC (collectively, "the BMW Group") seek injunctive and monetary relief from Defendants Hinderer Automotive, LLC, *dba* Toy Barn, and Justin C. Hinderer (hereinafter "Defendants") for trademark infringement, unfair competition, and unjust enrichment with regard to the BMW Group's famous Roundel logo and Rolls-Royce Badge ("RR Badge") pictured below:

 

As alleged more fully below, Defendants have violated, and continue to violate, the Trademark Act of 1946 as amended, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), and Ohio law through

their unauthorized use of the BMW Group's Roundel logo and RR Badge in connection with their competing automotive business.

## Parties

1. Plaintiff BMW of North America, LLC ("BMW NA") is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677.  BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation, which is a wholly owned subsidiary of Bayerische Motoren Werke AG ("BMW AG").  BMW NA distributes new and previously owned BMW passenger cars and BMW light trucks through its authorized dealer networks across the country.

2. Plaintiff BMW AG is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at Petuelring 130, 80809 Munich, Germany.  BMW AG designs and manufactures motor vehicles, parts and other products for sale in Europe and for export and sale throughout the world.

3. Plaintiff Rolls-Royce Motor Cars Limited is a company organized under the laws of England with its principal place of business at Summit One, Summit Avenue, Farnborough, Hampshire, GU14 0FB.  Rolls-Royce Motor Cars Limited is a subsidiary of BMW AG and distributes Rolls-Royce vehicles to Rolls-Royce Motor Cars NA, LLC.

4. Plaintiff Rolls-Royce Motor Cars NA, LLC is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677.  Rolls-Royce Motor Cars NA, LLC is an indirect, wholly owned subsidiary of BMW AG and is responsible for the wholesale distribution of Rolls-Royce vehicles throughout the United States.

5. Defendant Hinderer Automotive, LLC, *dba* Toy Barn, is an Ohio limited liability company with its principal place of business at 5100 Post Road, Dublin, Ohio 43017.  Toy Barn

is in the business of selling pre-owned automobiles, including BMW and Rolls-Royce vehicles, in competition with the BMW Group and its authorized dealers.

4. Defendant Justin C. Hinderer is the President and General Manger of Toy Barn. He has personally directed and participated in the infringing acts alleged herein.

## Jurisdiction and Venue

6. This Court has personal jurisdiction over Defendants because Defendants are citizens of and/or conduct business in the State of Ohio.

7. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the BMW Group's claims under Ohio law.

8. Venue is proper in this District under 28 U.S.C. §1391(b), as Defendants reside in and/or have their principal place of business in this District and, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred and is occurring in this District.

## The BMW Group's Famous Roundel Logo and RR Badge

9. The BMW Group is in the business of designing, manufacturing, distributing, and servicing motor vehicles and a variety of other products under various trademarks, including the Roundel logo and RR Badge (shown above).

10. BMW NA, through itself and its predecessors-in-interest, has been the exclusive licensee and authorized user of the Roundel logo in the United States continuously since at least as early as 1949 in connection with the sale and service of motor vehicles.

11. In 1998, BMW AG, through its subsidiary Hireus Limited, acquired from Rolls-Royce, PLC the rights to the RR Badge.

12. The RR Badge has been in use in United States commerce continuously in connection with automobiles since 1905 and has been used by the BMW Group in the same manner since 1998.

13. Since long prior to the acts of Defendants complained of herein, the BMW Group has used the Roundel logo and RR Badge in connection with its business of manufacturing, distributing, and servicing motor vehicles and a variety of other products in the State of Ohio.

14. BMW AG and Rolls-Royce Motor Cars Limited are the owners of the following U.S. Registrations for the Roundel logo and RR Badge:

| Mark | Reg. No. | Reg. Date | Services/Goods |
| --- | --- | --- | --- |
| (BMW Roundel logo) | 613,465 | October 4, 1955 | Automobiles, motorcycles and parts thereof |
| (BMW Roundel logo) | 1,170,556 | September 22, 1981 | Motor vehicle repair and maintenance services and dealership services |
| (BMW Roundel logo) | 1,450,212 | August 4, 1987 | Automobiles, motorcycles, parts thereof, including wheels, wheel rims, and watches, clocks and various other goods and services |

4

| Mark | Reg. No. | Reg. Date | Services/Goods |
|---|---|---|---|
|  | 2,752,258 | August 19, 2003 | Cleaning preparations for use in the automotive field, engine oil and various other goods |
|  | 3,418,573 | April 29, 2008 | Leasing and financing services for motor vehicles; online credit applications and online banking; loan services |
|  | 4,293,991 | February 26, 2013 | Automobiles, motorcycles and sports utility vehicles and their parts namely structural parts, engines, wheels, transmissions, windshields, differentials, fenders, drive belts, gears, axles, brakes and braking systems, chassis, badges, bumpers, vehicle seats, trunks, side mirrors, rear view mirrors, steering wheels, shock absorbers, safety belts, rims for vehicle wheels, antitheft devices; body kits; roof rack storage containers, saddlebags for motorcycles, roll bars for motor vehicles, fitted covers for motor vehicles |

| Mark | Reg. No. | Reg. Date | Services/Goods |
|---|---|---|---|
| BMW logo | 4,366,456 | July 16, 2013 | Non-medicated toiletries and perfume; metal money boxes; mobile phones, cases for mobile phones, reading glasses, sunglasses and spectacles, interactive game programs; computer bags; electric toaster, electric kettles; table mats, school supply kits; pencil cases, wrapping paper, greeting cards, paper notebooks, calendars and diaries, publications, namely, books, magazines in relation to motor vehicles, travel, cultural events, and/or sporting events; handbags, leather bags, suitcases and wallets, purses, carryalls, satchels, trunks and suitcases; schoolchildren's backpacks; coin purses, umbrellas, rucksacks, cosmetic bags, toiletry bags, briefcases, school bags; buckles of precious metal, hair accessories; food, fruit based snack food, cereal based energy bars; coffee and tea, cereal based snack food, chewing gums, chocolate and chocolates; soft drinks, water beverages, fruit juice |
| BMW logo | 4,408,161 | September 24, 2013 | Car rental |

6

| Mark | Reg. No. | Reg. Date | Services/Goods |
|---|---|---|---|
| [BMW Roundel logo] | 4,839,001 | October 27, 2015 | Repair and maintenance of vehicles |
| [Rolls-Royce RR badge] | 197,089 | April 7, 1925 | Automobiles and chassis |

15. These registrations were duly and legally issued and are valid and subsisting. Registrations 613,465; 1,170,556; 1,450,212; 2,752,258; 3,418,573 and 197,089 are incontestable pursuant to 15 U.S.C. § 1065.

16. BMW AG has licensed the Roundel logo to BMW NA for use in connection with the distribution and sale of the aforementioned products in the United States.

17. Rolls-Royce Motor Cars NA, LLC is licensed to use the RR Badge in the United States by Rolls-Royce Motor Cars Limited, a subsidiary of BMW AG, in connection with the distribution and sale of Rolls-Royce products.

18. The BMW Group distributes BMW and Rolls-Royce vehicles and provides maintenance services for its customers through nationwide networks of authorized dealers and service providers. The BMW Group authorizes its BMW dealerships to use the Roundel logo and its Rolls-Royce dealerships to use the RR Badge in connection with the sale and/or service of BMW Group products.

19. To create and maintain goodwill among its customers, the BMW Group has taken substantial steps to assure that all authorized BMW Group dealers and service providers using the Roundel logo and RR Badge are of the highest quality.

20. The BMW Group has expended millions of dollars in advertising efforts across the country in connection with the Roundel logo and RR Badge and its authorized dealers. As a result of the BMW Group's long use and promotion of these marks, the BMW Group has established the Roundel logo and RR Badge as famous and distinctive marks among members of the American public.

**Defendants' Wrongful Activities**

21. Defendants are displaying the BMW Group's Roundel logo on banners at their competing automotive business, in a video advertisement on YouTube, and on Instagram; and the BMW Group's RR Badge on Instagram and on a window of their building without authorization or permission from the BMW Group. (*See* Exhibit A.)

22. The BMW Group has sent Defendants three letters requesting that they cease and desist their unauthorized use of the BMW Group's trademarks and logos.

23. As of the filing of this Complaint, however, Defendants are still using the BMW Group's Roundel logo and RR Badge in connection with their business.

24. Defendants are using the BMW Group's Roundel logo and RR Badge in connection with their competing business even though they signed an agreement to cease all unauthorized uses of the BMW Group's trademarks and logos. (*See* Exhibit B.)

25. Defendants have never provided services for the BMW Group or any of its subsidiaries, affiliates or authorized agents.

26. Defendants are not affiliated with or sponsored by the BMW Group and have never been authorized by the BMW Group or any of its subsidiaries, affiliates or authorized agents to use the BMW Group's Roundel logo and RR Badge in any form.

27. Defendants' unauthorized use of the BMW Group's Roundel logo and RR Badge is intended to divert to Defendants persons who are interested in the products and services of the BMW Group and to trade off the goodwill of these marks.

28. Defendants' unauthorized use of the BMW Group's Roundel logo and RR Badge in the manner described above:

   (a) is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of Defendants' products and services, or as to some affiliation, connection, or association of Defendants with the BMW Group;

   (b) enables Defendants to trade off and receive the benefit of goodwill the BMW Group has built up at great labor and expense over many years, and to gain acceptance for Defendants' products and services not solely on their own merits, but on the reputation and goodwill of the BMW Group, its famous Roundel logo and RR Badge and its products and services;

   (c) unjustly enriches Defendants; and

   (d) unlawfully removes from the BMW Group the ability to control the nature and quality of products and services provided under the Roundel logo and RR Badge, and places the goodwill and valuable reputation of the BMW Group in the hands of Defendants, over whom the BMW Group has no control.

29. The BMW Group has been damaged and continues to be damaged by Defendants' unauthorized use of the Roundel logo and RR Badge in the manner described above.

30. Unless these acts of Defendants are restrained by this Court, they will continue to cause irreparable injury to the BMW Group and to the public for which there is no adequate remedy at law.

### Count I
### Federal Trademark Infringement
### (Lanham Act § 32, 15 U.S.C. § 1114(1))

31. The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 30 herein.

32. Defendants' unauthorized use of the BMW Group's Roundel logo and RR Badge in connection with identical goods and services is likely to cause confusion, to cause mistake or to deceive as to the source or sponsorship of Defendants' goods and services.

33. The acts of Defendants complained of herein constitute use in commerce of reproductions, copies, confusingly similar or colorable imitations of the BMW Group's federally registered Roundel logo and RR Badge in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

34. Defendants' acts complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and in conscious disregard of the BMW Group's rights in is marks and with intent to trade off the BMW Group's vast goodwill in its marks.

35. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and the BMW Group has been injured and damaged.  Unless the foregoing alleged actions of Defendants are enjoined, the BMW Group will continue to suffer injury and damage.

## Count II
### Federal Unfair Competition and False Designation of Origin
### (Lanham Act §43(a), 15 U.S.C. § 1125(a))

36. The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 35 herein.

37. Defendants' unauthorized use of the BMW Group's Roundel logo and RR Badge falsely indicates that Defendants and their goods and services are connected with, sponsored by, affiliated with, or related to the BMW Group.

38. Defendants' unauthorized use of the BMW Group's Roundel logo and RR Badge has caused, and is likely to continue to cause, confusion, mistake or deception as to the source or sponsorship of Defendants' goods and services.

39. Defendants' acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of the BMW Group's rights in its marks and with intent to trade off the BMW Group's vast goodwill in its marks.

40. Defendants' unauthorized use of the BMW Group's Roundel logo and RR Badge in connection with their goods and services allows Defendants to receive the benefit of the BMW Group's goodwill, which the BMW Group has established at great labor and expense, and further allows Defendants to expand their business and sales, based not on their own qualities, but on the reputation and goodwill of the BMW Group.

41. The acts of Defendants complained of herein constitute unfair competition and trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and the BMW Group has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, the BMW Group will continue to suffer injury and damage.

**Count III**
**Trademark Infringement and Unfair Competition**
**(Common Law of Ohio)**

43. The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 42 herein.

44. The acts of Defendants complained of herein constitute trademark infringement and unfair competition in violation of the common law of Ohio.

45. Defendants' unauthorized use of the infringing marks as described above has caused, is causing and, unless enjoined by this Court, will continue to cause confusion and mistake in the marketplace and deception of the trade and public as to the relationship or affiliation of Defendants with the BMW Group and the source, origin, or sponsorship of their respective products.

46. Defendants' unauthorized use of the infringing marks as described above has impaired, is impairing and, unless enjoined by this Court, will continue to impair the BMW Group's reputation under its trademarks and has caused, is causing and, unless enjoined by this Court, will continue to cause injury and damage to the BMW Group for which the BMW Group is entitled to relief under the common law.

47. As a result of the foregoing alleged actions of Defendants, Defendants have been unjustly enriched and the BMW Group has been injured and damaged. Unless the foregoing alleged actions of Defendants are enjoined, the BMW Group will continue to suffer injury and damage.

**Count IV**
**Deceptive Trade Practices**
**(O.R.C. § 4165.02)**

48. The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 47 herein.

49. The acts of Defendants complained of herein constitute deceptive trade practices in violation of O.R.C. § 4165.02.

50. Defendants, in the course of business, are causing a likelihood of confusion or misunderstanding as to Defendants' affiliation, connection, or association with, or certification by, the BMW Group.

51. Defendants have intentionally and willfully engaged in the acts alleged herein knowing them to be deceptive.

52. As a result of Defendants' deceptive trade practices, Defendants have caused, are causing, and unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to the BMW Group for which there is no adequate remedy at law, and for which the BMW Group is entitled to injunctive relief.

**Count V
Breach of Contract
(Common Law of Ohio)**

53. The BMW Group re-alleges and incorporates the allegations set forth in paragraphs 1 through 52 herein.

54. On January 3, 2011, Defendants agreed in writing to cease their unauthorized use of the BMW Group's trademarks and logos.

55. The January 3, 2011 agreement referenced above is a valid and binding contract.

56. The BMW Group relied on Defendants' January 3, 2011 undertaking.

57. Defendants are displaying the BMW Group's Roundel logo and RR Badge in violation of their January 3, 2011 contract.

58. All conditions precedent to bringing this lawsuit have been performed, and the BMW Group has performed its obligations under the January 3, 2011 agreement.

59. By failing to perform their duties owed to the BMW Group, Defendants have breached their contractual obligations and damaged the BMW Group in an amount to be determined at trial. The BMW Group is thereby entitled to relief under the common law.

## **Prayer for Relief**

WHEREFORE, the BMW Group prays that:

1. Judgment be entered for the BMW Group on its claims.

2. The January 3, 2011 agreement be specifically enforced.

3. Defendants, their agents, servants, employees, attorneys, and all others in active concert or participation with any of them, be enjoined and restrained, during the pendency of this action, and permanently thereafter, from:

    (a) using the BMW Group's Roundel logo and RR Badge, or any colorable imitation thereof, either alone or part of any signs, flags, banners, posters, interior and exterior walls, doors, window etchings, internet or print advertisements, commercial videos, websites, marketing and promotional materials, stationery, and business cards, or otherwise in connection with their business; and

    (b) doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, or their products or services, emanate from, or are connected with, sponsored by or approved by the BMW Group.

4. An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to the BMW Group and increased as the Court finds to be just under the circumstances of this case.

5. Defendants be required to pay over to the BMW Group:

(a) in accordance with Section 35(a) of the United States Trademark Act, 15 U.S.C. §1117(a), an award of treble Plaintiffs' actual damages and Defendants' profits, together with profits resulting from sales by Defendants relating to their aforesaid trademark infringement and unfair competition;

(b) compensatory damages arising from Defendants' breach of the January 3, 2011 agreement; and

(c) The BMW Group's reasonable attorneys' fees and costs of this action.

6. Defendants, in accordance with Section 36 of the United States Trademark Act, 15 U.S.C. § 1118, be required to deliver up to the BMW Group for destruction all labels, signs, flags, prints, photographs, packages, bottles, receptacles, containers, business cards, letterhead, advertisements and other promotional materials in Defendants' possession or control bearing the BMW Group's Roundel logo and RR Badge, or any other BMW Group mark.

7. Defendants, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon the BMW Group, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of such injunction.

8. The BMW Group recover such other relief as the Court may deem appropriate.

## Jury Trial Demand

The BMW Group demands trial by jury on all issues triable by a jury in this case.

Dated:   November 17, 2015				Respectfully submitted,

						JONES DAY


						s/David J. Boylan
						David J. Boylan (Ohio Bar # 0088643)
						*Trial Attorney*
						325 John H. McConnell Boulevard
						Suite 600
						Columbus, OH 43215-2673
						Telephone:  (614) 469-3939
						Facsimile:  (614) 461-4198
						dboylan@jonesday.com

						John G. Froemming
						51 Louisiana Avenue, N.W.
						Washington, D.C.  20001-2113
						Telephone:  (202) 879-3939
						Facsimile:  (202) 626-1700
						jfroemming@jonesday.com

						*Counsel for Plaintiffs*